Case 4:22-cv-05151-SAB    ECF No. 18    filed 07/19/23    PageID.2383    Page 1 of 13

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 19, 2023

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

PHILLIP R.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

    Defendant.

No. 4:22-CV-05151-SAB

**ORDER REVERSING DECISION OF COMMISSIONER**

    Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for social security benefits. Plaintiff is represented by Chad L. Hatfield. The Commissioner is represented by Heidi Triesch, Sarah Moum, and Brian M. Donovan. Pending before the Court are Plaintiff's Opening Brief, ECF No. 12, the Commissioner's Brief, ECF No. 16, and Plaintiff's Reply Brief, ECF No. 17.

    After reviewing the administrative record, briefs filed by the parties, and applicable case law, the Court is fully informed. For the reasons set forth below, the Court reverses the Commissioner's decision.

//

//

**ORDER REVERSING DECISION OF COMMISSIONER ~ 1**

## I. Jurisdiction

On January 21, 2020, Plaintiff filed an application for Title II disability insurance benefits and an application for Title XVI application for supplemental security income, and with an onset date of May 1, 2019. Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested a hearing. On December 8, 2021, a telephonic hearing was held. Plaintiff appeared and testified before an ALJ, with the assistance of his counsel, Chad Hatfield. K. Diane Kramer, Vocational Expert (VE) also participated. The ALJ found that Plaintiff was not disabled on December 28, 2021.

Plaintiff requested review by the Appeals Council, and the Appeals Council denied the request on September 30, 2022. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. § 405(g), 1383(c)(1)(3). Plaintiff filed a timely appeal on November 30, 2022. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II. Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

**ORDER REVERSING DECISION OF COMMISSIONER ~ 2**

**Step One**: Is the claimant engaged in substantial gainful activities? *Id.* § 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. *Id.* § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? *Id.* § 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* § 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before proceeding to the fourth step, the ALJ must first determine the claimant's residual functional capacity (RFC). An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. *Id.* § 404.1545(a)(1), 416.945(a)(1). The RFC is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? *Id.* § 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the

claimant is able to perform their previous work, they are not disabled. *Id.* § 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? *Id.* § 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d

**ORDER REVERSING DECISION OF COMMISSIONER ~ 4**

1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized here.

At the time of the alleged onset Plaintiff was 41. He is obese. In May 2019, he became really depressed and thought about committing suicide. He went to community health, and he was able to receive counseling. He experiences periods of irritability, agitation, and has angry outbursts. He assaulted his daughter's boyfriend during one outburst. His medications cause him to become dizzy and blackout. He also experiences swelling in his legs and shortness of breath. He testified that when his legs swell, he must sit down and elevate his feet above his heart for two hours. This can occur up to three times a day. He reports he can stand for about 15 minutes before the swelling causes him to sit and elevate his legs. He testified that he is limited to walking about 200 feet before he gets winded. He uses a nebulizer, and he also uses an emergency inhaler when his breathing becomes labored.

Plaintiff had been a heavy smoker, but at the time of his hearing, he was down to a handful of cigarettes a day. He testified that he is scared to attempt any type of full-time work because of the possibility of blacking out or hurting himself.

## V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 15–27. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity

**ORDER REVERSING DECISION OF COMMISSIONER ~ 5**

since May 1, 2019, the alleged onset date. AR 18.

At step two, the ALJ identified the following severe impairments: restrictive lung disease, chronic bronchitis, sleep apnea, lumbar degenerative disc disease, obesity (BMI 48-53), ADHD, mood disorder, anxiety disorder, binge eating disorder. AR 18.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 21.

The ALJ concluded that Plaintiff has an RFC to perform:

> a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: he can stand and walk 4 hours total in combination in an 8-hour workday; he cannot climb ladders, ropes, or scaffolds; he can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; he cannot have concentrated exposure to pulmonary irritants or hazards (e.g., unprotected heights, moving mech parts); he is limited to superficial contact with the public and coworkers, with no more than occasional collaborative tasks; and he requires a routine, predictable work environment with no more than occasional changes.

AR 20.

At step four, the ALJ found that Plaintiff was not capable of performing past relevant work. AR 25.

At step five, the ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could also perform in the national economy, including representative positions such as small parts assembler, collator operator, and an office helper. AR 26. Consequently, the ALJ found that Plaintiff was not disabled.

## VI. Discussion

### A. Step Two Analysis

The ALJ erred in finding that Plaintiff's lower extremity edema was not a severe impairment. An impairment or combination of impairments may be found

**ORDER REVERSING DECISION OF COMMISSIONER ~ 6**

1  "not severe only if the evidence establishes a slight abnormality that has no more
2  than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433
3  F.3d 683, 686 (9th Cir. 2005) (citation omitted). The record amply demonstrates
4  that Plaintiff has chronic lower extremity edema and was required to elevate his
5  legs when resting. AR 561, 607, 609, 612, 617, 620, 637, 641, 707, 735, etc. The
6  ALJ failed to even discuss whether the edema was nonsevere. Instead, the ALJ
7  found that generally upon physical examination he had no edema. This is simply
8  not true. This error was not harmless as there is no indication that any limitations
9  caused by Plaintiff's edema were considered by the ALJ in the sequential analysis.

### B. Evaluation of the Medical Opinions

Plaintiff argues the ALJ erred by grossly mischaracterizing the treatment record and rejecting the disabling opinions of treating physician Dr. Lakhani and examining physician Dr. David-Boozer without properly considering their supportability or consistency. The Court agrees.

In evaluating medical opinion evidence, the ALJ considers the persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a), (b). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* § 416.920c(c)(1)–(5). Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. *Id.* § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

**ORDER REVERSING DECISION OF COMMISSIONER ~ 7**

(1) *Supportability.*

The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.*

The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.* §§ 404.1520c(c); 416.920c(c).

### a. Dr. Lakhani

Dr. Lakhani is Plaintiff's treating physician. Dr. Lakhani opined that Plaintiff suffers from COPD, asthma, osteoarthritis, morbid obesity, right hip pain, right knee pain, chronic shortness of breath, and lower extremity tenderness; (2) he must lie down and elevate his legs throughout the day due to lower extremity swelling; (3) his osteoarthritis is reasonably likely to cause pain; (4) he would miss three days per month if he attempted to work a 40-hour per week schedule; (5) he is limited to light work; and (6) he would be expected to be off task and unproductive 12-20% of the time.

The ALJ found that Dr. Lakhani's opinions were only partially persuasive because a checkbox form was used with minimal explanation and was poorly supported. The ALJ found Dr. Lakhani's comment that Plaintiff would require time during the day to lie down vague, meaningless, unpersuasive, and not consistent with the record. The ALJ erred in its evaluation of Dr. Lakhani's opinion. Dr. Lakhani treated Plaintiff. As early as March 2021, Dr. Lakhani noted that Plaintiff experienced swelling in his lower legs. Thus, the need for Plaintiff to lie down and elevate his feet due to lower extremity edema was well-documented and not vague.

//

**ORDER REVERSING DECISION OF COMMISSIONER ~ 8**

### b. Dr. Davis-Boozer

In January 2021, Dr. Davis-Boozer concluded that Plaintiff could stand/walk a maximum of two hours and he would not be able to do any active job at all until his conditions were well-treated. The ALJ found that Dr. David-Boozer's opinion was an outlier. The ALJ believed Plaintiff's extreme shortness of breath was not demonstrated in other exams.

The ALJ erred in evaluating Dr. Davis-Boozer's examination. Dr. Davis-Boozer supported his opinion by evaluating Plaintiff and reviewing medical records that reflect that Plaintiff suffers from shortness of breath. Dr. Davis-Boozer noted that Plaintiff was "obviously short of breath throughout [the] entire exam, even at rest, even after five minutes of rest;" that Plaintiff could not complete a full sentence without stopping to take a breath and that Plaintiff was unable to lay down flat more than 15 seconds. Dr. Davis-Boozer noted that Plaintiff had one plus pitting edema. These observations support Dr. Davis-Boozer's opinion.

Also, the record reflects that Plaintiff's shortness of breath and swelling was getting progressively worse. Dr. Davis-Boozer's evaluation reflect the worsening of Plaintiff's symptoms. Rather than an outlier, Dr. Davis-Boozer's opinion is supported by observations and a review of medical evidence. Dr. Davis-Boozer's opinion is consistent with the record that reflects Plaintiff's worsening physical condition. Dr. Davis-Boozer's opinion that Plaintiff is unable to meet the demands of sedentary work due to acute shortness of breath, even when sitting/lying down and on exertion is consistent and supported by the examination findings, and the ALJ erred in finding it was not persuasive.

### C. Plaintiff's Subjective Complaints

Plaintiff argues the ALJ erred in discounting his subjective symptoms of his physical and mental health conditions.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison*, 759 F.3d

**ORDER REVERSING DECISION OF COMMISSIONER ~ 9**

at 1014. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id.* (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

      In assessing Plaintiff's credibility, the ALJ made the following observations: (1) Plaintiff engaged in minimal mental health treatment; (2) he continued smoke cigarettes and marijuana; (3) he had health insurance; (4) engages in daily living activities that are in tension with his symptom allegations, including taking care of his children.

      The ALJ's observations are not true, and therefore cannot be clear and convincing reasons for discounting Plaintiff's testimony. A closer review of the record reveals that Plaintiff did engage in weekly counseling sessions throughout 2019-20. Those sessions reflect that Plaintiff struggled with his anger and outbursts toward family members. Plaintiff significantly reduced the number of cigarettes to around three a day. At some point, Plaintiff lost health insurance and it affected his care. As such, these are not clear and convincing reasons for finding that Plaintiff's statements regarding his limitations are not supported by the record.

      The ALJ also failed to identify any activities that are inconsistent with Plaintiff's disabling testimony. There is not sufficient evidence in the record, including the age and needs of the children, to find that caring for children is

inconsistent with his testimony, as the evidence suggests that his children are at least school age.

### D. Lay Witness Testimony

The ALJ considered Plaintiff's wife's functional report, which indicated that she needed to help Plaintiff bathe, dress, and use the toilet because he cannot adequately reach, and he gets out of breath. An ALJ is permitted to discount a lay witness' testimony when it is substantially similar to the claimant's testimony and the ALJ has properly discounted the claimant's testimony. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

The ALJ erred in failing to account for his wife's testimony. It was consistent with Plaintiff's testimony as well as consistent with the longitudinal record, especially when considering that Plaintiff's impairments were getting increasingly worse.

### E. Obesity

In November 2021, Dr. Lakhani indicated that Plaintiff's obesity complicated critical activities of daily living, including difficulties using the restroom on his own, and causing his arthritis in his back and knees to worsen. Dr. David-Boozer identified that Plaintiff has some component of Obesity Hypoventilation Syndrome. In May 2021, Dr. Cunanan noted that testing showed restrictive lung disease which Dr. Cunanan suspected was due mainly to obesity.

The ALJ erred in failing to account for the difficulties caused and exacerbated by his obesity in determining Plaintiff's RFC. Here, the record indicates that Plaintiff's obesity exacerbated his impairments, and, more than likely, is causing his impairments, including edema and shortness of breath. Consequently, Plaintiff's edema, shortness of breath and obesity cause limitations that are not accounted for in the RFC.

//
//

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 11

### VII. Conclusion

The ALJ erred in failing to properly weigh and consider the medical opinion evidence and Plaintiff's and Plaintiff's wife's testimony. The RFC failed to account for Plaintiff's edema and the need to elevate his legs during the day. It also failed to account for the fact that Plaintiff experiences shortness of breath upon exertion and even while sitting. As such, ALJ's RFC assessment does not account for the full extent of Plaintiff's functional limitation and cannot support the ALJ's disability determination. If the ALJ incorporated these limitations in Plaintiff's RFC, the ALJ would be required to find Plaintiff on remand. *See Harman v. Apfel*, 211 F.3d 1172, 1178–79 (9th Cir. 2000). Since it is clear from the record Plaintiff is unable to perform gainful employment and no additional proceedings are necessary, remand for an award of benefits is necessary. *See Benecke v. Barnhart*, 379 F.3d 587, 596 (9th Cir. 2004).

Accordingly, **IT IS HEREBY ORDERED:**

1. For docket purposes, Plaintiff's Opening Brief, ECF No. 12, and Reply Brief, ECF No. 17, are **GRANTED**.

2. For docket purposes, the Commissioner's Response Brief, ECF No. 16, is **DENIED**.

3. The decision of the Commissioner is **REVERSED** and **REMANDED** for an immediate award of benefits.

//
//
//
//
//
//
//
//

**ORDER REVERSING DECISION OF COMMISSIONER ~ 12**

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 19th day of July 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER REVERSING DECISION OF COMMISSIONER ~ 13**